MR. JUSTICE GULBRANDSON,
dissenting:
I respectfully dissent.
The majority has stated:
“We reach this decision because of Hatfield’s suppression of Patterson’s remarks about smoking and the devil. Those remarks were indicative of mental illness. Had defense counsel been aware of Patterson’s remarks prior to trial, he would have had good reason to pursue an insanity defense. Therefore, that evidence was both material and exculpatory and its suppression was prejudicial to defendant.”
Detective Hatfield’s written summary, given to defense counsel, included the following: “He told me that he had a lot of mental problems. That he tends to forget things yet he is certain he was not responsible for the rape.”
The record discloses that defense counsel met with Detective Hatfield, approximately six days prior to trial, for a short period of time, but there is no suggestion or argument that inquiry was made of Hatfield regarding specific statements made by the defendant concerning his mental problems. In addition, the transcript of proceedings of July 2,1982, attached as exhibit 4 to defendant-appellant’s brief, indicate that the defendant was hospitalized in Billings in September 1979 for a possible manic depressive disorder, and in June 1981 was hospitalized in the psychiatric unit. Those hospital records should have been readily available to defense counsel, had he inquired of the defendant or defendant’s parents, after receipt of Hatfield’s summary. The defendant lived with his parents and both testified as defense witnesses at the time. Defense counsel chose not to pursue the defense of mental disease or defect, and did not request a psychiatric evaluation after convictions and prior to sentencing.
Here, I would not find a prejudicial suppression of exculpatory evidence by Detective Hatfield.